**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-2221**

RICHARD CHANG, a/k/a Chi Ting Chang; GIANT
STEEL ENTERPRISE COMPANY, LIMITED, a Maryland
Corporation; JOHN D. HEMENWAY,

Plaintiffs - Appellants,

versus

YUE TIAN; MARGAS AND ZAMBETIS INVESTMENTS,
INCORPORATED,

Defendants - Appellees.

**No. 05-1099**

RICHARD CHANG, a/k/a Chi Ting Chang; GIANT
STEEL ENTERPRISE COMPANY, LIMITED, a Maryland
Corporation; JOHN D. HEMENWAY,

Plaintiffs - Appellants,

versus

YUE TIAN; MARGAS AND ZAMBETIS INVESTMENTS,
INCORPORATED,

Defendants - Appellees.

## No. 06-1338

RICHARD CHANG, a/k/a Chi Ting Chang, et. al,

                                    Plaintiffs - Appellants,

JOHN D. HEMENWAY,

                                    Party in Interest - Appellant,

        and

GIANT STEEL ENTERPRISE COMPANY, LIMITED, a
Maryland Corporation,

                                    Plaintiff,

        versus

YUE TIAN; MARGAS AND ZAMBETIS INVESTMENTS,
INCORPORATED,

                                    Defendants - Appellees.

## No. 06-1935

RICHARD CHANG, a/k/a Chi Ting Chang; GIANT
STEEL ENTERPRISE COMPANY, LIMITED, a MD
Corporation,

                                    Plaintiffs - Appellants,

        versus

YUE TIAN; MARGAS AND ZAMBETIS INVESTMENTS,
INCORPORATED,

                              Defendants - Appellees,

        versus


JOHN D. HEMENWAY,

                                    Party in Interest.


                         ─────────────

Appeals from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge. (8:04-
cv-00977-PJM)

                         ─────────────

Submitted:  March 9, 2007            Decided:  April 30, 2007

                         ─────────────

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

                         ─────────────

Affirmed as modified by unpublished per curiam opinion.

                         ─────────────

Laurence A. Elgin, Washington, D.C.; Ning Ye, LAW OFFICES OF NING
YE, Flushing, New York, for Appellants.  A. Shane Kamkari, KAMKARI
LAW FIRM, Rockville, Maryland; Robert E. Grant, FUREY DOOLAN AND
ABELL, Chevy Chase, Maryland, for Appellees.

                         ─────────────

Unpublished opinions are not binding precedent in this circuit.

                         ─────────────

PER CURIAM:

In the first two appeals, Appellants appeal from the district court's orders imposing sanctions and dismissing their civil action because the subject matter is more properly resolved in the appropriate state court (No. 04-2221), and denying reconsideration of that order and imposing additional sanctions (No. 05-1099).[1]  Because the latter order was entered while these cases were before this court on appeal, we previously issued a limited remand for the district court to address the Fed. R. Civ. P. 60(b) motion, see Fobian v. Storage Tech. Corp., 164 F.3d 887 (4th Cir. 1999), and for the district court to consider any substitution of parties pursuant to Fed. R. Civ. P. 25(a)(1), in light of the death of Plaintiff Richard Chang.  The district court addressed those issues, reinstating the denial of the motion for reconsideration and the increased sanctions amount and denying the motion for substitution.

Consolidated with those two appeals are Appellants' appeals from the district court's orders denying the motion for substitution of parties and denying various motions for reconsideration of that order and other orders entered by the district court following our limited remand.  We have reviewed the record and the arguments asserted in the parties' briefs and find

---

[1]Because we have jurisdiction over these appeals, we deny the Appellee's motion to dismiss appeals Nos. 04-2221 and 05-1099.

- 4 -

no reversible error. Accordingly, we affirm the district court's disposition of the case and its resolution of the various motions, except that the court modifies the orders entered after our limited remand to remove any reference to the ownership of Giant Steel Enterprise Company, Ltd.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

---

[2]The district court's rationale for dismissing the case was that the issues concerned marital property rights, which belong in the state courts. Following our remand of the case for resolution of the substitution of parties and the Rule 60(b) motion, the district court made references to ownership of the corporation as being resolved. Nothing in the materials before the court suggest that the ownership issue has been resolved. Thus, we strike such references from the district court's orders. We express no opinion as to the ownership of Giant Steel and the resolution of these appeals is without prejudice to the parties' ability to resolve that issue in the state court if it has not already been so resolved.